IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| RONNIE G. HERB, SR. and LISA A. HERB, | : | BANKRUPTCY NO.: 1-08-bk-01138 |
| DEBTORS | : | |
| LAWRENCE G. FRANK, TRUSTEE | : | {**Nature of Proceeding**: Trustee's Objection to Debtors' Exemptions (Doc. #43)} |
| MOVANT | : | |
| vs. | : | |
| RONNIE G. HERB, SR. and LISA A. HERB, | : | |
| RESPONDENT | : | |

# OPINION

Ronnie and Lisa Herb filed a Chapter 7 bankruptcy on April 1, 2008. Prior to the filing, on December 4, 2006, Lisa Herb allegedly injured her knee in an automobile accident. In the last amended bankruptcy Schedule C, (Doc. #41), the Debtors exempted their interest in the personal injury claim in the amount of $11,200 under 11 U.S.C. § 522(d)(5), $20,200 under 11 U.S.C. § 522(d)(11)(D), and $500,000 under § 522(d)(11)(E). In the Debtors' last amended Schedule B, the Debtors valued this claim as having a value of "unknown." (Doc. #14.)

On December 11, 2008, the Chapter 7 Trustee, Lawrence Frank, filed an Objection

to the exemption on the grounds that it was "not in compliance with the terms and conditions of 522(d) of the Bankruptcy Code." The Trustee added that exemptions under § 522(d)(11)(D) and § 522(d)(11)(E) are mutually exclusive.

Actually, the Debtors do not disagree that subsections (D) and (E) are exclusive. They admit same in their pleadings, (Answer to Objection to Second Amended Schedule C, Doc. #48 at ¶ 3), as well as their Brief, (Brief in Opposition to Trustee's Objections to Debtor's Exemptions, Doc. #52). After all, the exemption options available under § 522(d)(11)[1] are tethered by the conjunctive *"or"* compelling such a conclusion. Nevertheless, the Debtors argue that to force them now, before culmination of the personal injury claim, to opt for one of those choices may serve them poorly. Therefore, they want to retain their option to choose the most valuable portion of the lawsuit as exempt.

---

[1] 11 U.S.C. § 522(d)(11)
(d) The following property may be exempted under subsection (b)(2) of this section:

(11) The debtor's right to receive, or property that is traceable to--

(A) an award under a crime victim's reparation law;

(B) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(D) a payment, not to exceed $20,200, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. [Footnote omitted.]

The Trustee, on the other hand, asserts that this whole issue is premature and should not now be decided until the personal injury claim is liquidated. He adds that a decision now by the Court would be nothing more than an advisory opinion. Surprisingly, the parties have not asked for a continuance, making this matter ready for disposition.

While I understand the parties' dilemma, I believe that they both have a misunderstanding of the law.

Because § 522(d)(11) provides for mutually exclusive options, the Debtors are left with no choice but to choose between them. Having said that, later amendments to the exemption claim have been freely allowed and rarely denied. Federal Rule of Bankruptcy Procedure 1009. The Trustee's Objection must be sustained.

The Trustee advances that this Objection is not yet ready for disposition because the claim has not been liquidated. While there is a certain attraction to *sua sponte* postponing this controversy until hard numbers are available, the matter is certainly ripe for adjudication now. Property of the estate is created at the commencement of the case. 11 U.S.C. § 541(a). Exemption claims, too, are determined as of the date of the bankruptcy filing. *White v. Stump*, 266 U.S. 310, 313, 45 S.Ct. 103, 69 L.Ed. 301 (1924); *Zibman v. Tow (In re Zibman)*, 268 F.3d 298, 302 (5th Cir.2001); *Ford v. Konnoff (In re Konnoff)*, 356 B.R. 201, 204 (9th Cir.BAP2006). Certainly, unliquidated exemption claims and objections thereto are capable of being adjudicated. See, for example, *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

The Debtors will be required to file an Amended Schedule C specifying their §

522(d)(11) option. In order to do that, I will allow the Debtors sixty (60) days to file that Amendment or such additional time as the Trustee and Debtors agree, in writing, filed with the Court.

As a reminder to the parties, the personal injury claim is property of the estate and, until an exemption is allowed, remains under the direction of the Trustee.

My Order is attached.

Date: June 18, 2009

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*